# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMARTE CARTE, INC., )<br>)<br>Plaintiff, )<br>) C.A. No. _____<br>v. )<br>) **JURY TRIAL DEMANDED**<br>BAGPORT AMERICA, LLC, )<br>)<br>Defendant. ) | |

## COMPLAINT

Comes now the Plaintiff who, for its Complaint against Defendant, states and alleges as follows:

### The Parties

1. Plaintiff, Smarte Carte, Inc., is a corporation organized and existing under the laws of Minnesota and has a principal place of business at 4455 White Bear Parkway, White Bear Lake, MN 55110.

2. Upon information and belief, Defendant, bagport America, LLC is a limited liability company organized and existing under the laws of Delaware and has a principal place of business at 2810 Grand Ave., Baldwin, NY 11510. Upon information and belief, bagport GmbH & Co. KG is a member of bagport America LLC.

### Jurisdiction

3. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 282-285.

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

## Count I

## Patent Infringement

5. On December 28, 2010, United States Patent No. 7,857,108 entitled BRAKE ASSEMBLY AND CONTROL MECHANISM FOR A CART, AND METHOD was duly and legally issued to Plaintiff as assignee of the inventors Keith L. Amdahl and Dan L. Otterson ("the '108 patent"). Plaintiff is the owner of the entire right, title, and interest in and to the '108 patent and has been and still is the owner thereof. The '108 patent is attached as Exhibit A.

6. Defendant has used, offered for sale, and sold in, and imported into, the United States the LightLiner luggage cart equipment which infringes the '108 patent.

7. Defendant has also induced, and continues to induce, others to infringe the '108 patent by selling its LightLiner luggage cart equipment to operators of airports and by encouraging and promoting the use and/or sale by others of the LightLiner equipment knowing that the LightLiner infringes the '108 patent. Defendant has instructed and continues to instruct those airport operators to use the LightLiner equipment in a process that infringes the '108 patent knowing that the process infringes the '108 patent. Defendant has assisted and continues to assist those facilities in using the LightLiner equipment in a process that infringes the '108 patent knowing that the LightLiner and process infringe the '108 patent.

8. Specifically, Defendant bagport America LLC has induced (i) the Massachusetts Port Authority, which upon information and belief, owns and operates Boston Logan International Airport and (ii) the City of Philadelphia, which upon information and belief, owns and operates Philadelphia International Airport, to infringe the '108 patent through literature and other materials, written and oral, regarding the LightLiner luggage cart equipment. A LightLiner brochure is attached as Exhibit B.

9. Upon information and belief, Defendant is and has been aware of the '108 patent and knows that its sale of the LightLiner luggage cart equipment and instructions for use of the same induce its customers to directly infringe the '108 patent. Defendant's knowledge of the '108 patent, combined with Defendant's instructions for use of the LightLiner equipment in the manner specified by the '108 patent, demonstrates the Defendant intended to induce its customers to infringe the '108 patent.

10. When using the LightLiner luggage cart equipment as directed by Defendant, Defendant's customers, including at least those identified above, directly infringe the '108 patent by using the LightLiner equipment in a process that embodies the invention of the '108 patent.

11. Plaintiff has complied with the notice provision of the patent statutes.

12. Upon information and belief, Defendant has had actual knowledge of the '108 patent and its infringement of this patent has been and continues to be willful and deliberate.

13. Plaintiff has been damaged by Defendant's infringement of the '108 patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing and inducing the infringement of said patent.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a. A judgment that Defendant has infringed or induced the infringement of, or both, United States Patent No. 7,857,108;

b. An injunction enjoining and restraining Defendant, its members, owners, officers, directors, agents, servants, employees, customers, attorneys and all others acting under or through it, directly or indirectly, from infringing and inducing the infringement of United States Patent No. 7,857,108;

  c. A judgment and order requiring Defendant to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

  d. A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with interest; and

  e. Such other and further relief as this Court may deem just and equitable.

### Demand for Jury Trial

Plaintiff hereby demands that all issues be determined by jury.

  Respectfully submitted,

  POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: | /s/ Richard L. Horwitz |
|---|---|---|
| | | Richard L. Horwitz (#2246) |
| Anthony R. Zeuli | | David E. Moore (#3983) |
| Eric R. Chad | | Bindu A. Palapura (#5370) |
| MERCHANT & GOULD P.C. | | Hercules Plaza 6th Floor |
| 3200 IDS Center | | 1313 N. Market Street |
| 80 South 8th Street | | Wilmington, DE 19899 |
| Minneapolis, MN 55402 | | Tel: (302) 984-6000 |
| Tel: (612) 332-5300 | | rhorwitz@potteranderson.com |
| | | dmoore@potteranderson.com |
| Dated: January 16, 2013 | | bpalapura@potteranderson.com |
| 1090294 / 39859 | | |

*Attorneys for Plaintiff Smarte Carte, Inc.*